COPY

Adam Brezine (CA State Bar No. 220852)
*adam.brezine@bryancave.com*
Richard J. Mooney (CA State Bar No. 176486)
*richard.mooney@bryancave.com*
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Attorneys for Plaintiff
ProCloud Media Invest AB

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
2012 JUN 14 PM 12: 15
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ProCloud Media Invest AB**, a Swedish company, <br><br> Plaintiff, <br><br> v. <br><br> **Paramount Pictures Corporation**, a Delaware corporation, <br><br> Defendant. | CASE NO. CV12-5192 – PSG (MRWx) <br><br> **COMPLAINT** <br><br> (1) Breach of Written Contract; <br> (2) Breach of Implied Covenant of Good Faith and Fair Dealing; and <br> (3) Unjust Enrichment <br><br> **JURY TRIAL DEMANDED** |

Complaint
ProCloud Media v. Paramount Pictures Corporation

#79872 v4 saf

1      Plaintiff ProCloud Media Invest AB ("ProCloud"), for its complaint against

2 Defendant Paramount Pictures Corporation ("Paramount"), states as follows:

3 **Introduction**

4      1.     ProCloud and Paramount are parties to a written Video Game License

5 Agreement, under which Paramount granted to ProCloud the worldwide exclusive

6 rights to develop and publish video games and social web games based on several

7 different Paramount theatrical motion pictures. Under the Agreement, ProCloud paid

8 a substantial license fee. Paramount was granted – and exercised – the right to co-

9 finance and co-produce each of the projects with ProCloud. In return for its

10 substantial investment of money and time, ProCloud was to receive a per-game

11 royalty based on sales.

12      2.     Despite ProCloud's full performance of its obligations, including the

13 payment of $1 million directly to Paramount in the form of a license fee, and payment

14 in full of ProCloud's co-financing obligations, in late October 2011 Paramount

15 decided to shut down its digital entertainment division entirely and to walk away from

16 its contractual obligations under the Agreement, and indicated to ProCloud that it had

17 no intent to proceed as required. Nevertheless, on information and belief, Paramount

18 continues to make efforts to develop and publish the very same game projects that are

19 the subject of the Agreement, but with other parties and excluding ProCloud, in direct

20 contravention of the written deal terms. Efforts to convince Paramount to live up to

21 its end of the bargain have failed, leaving ProCloud with no choice but to seek relief

22 in this Court for the substantial damages Paramount has caused and continues to

23 cause. Evidence to be presented at trial will show that Paramount's breach of its

24 obligations has caused ProCloud at least $10 million in damages.

25 **Parties, Jurisdiction and Venue**

26      3.     ProCloud is a Swedish entity with its principal place of business in

27 Malmo, Sweden.

28

#79872 v4 saf

1    4.    On information and belief, defendant Paramount is a Delaware

2    corporation with its principal place of business in Hollywood, California.

3    5.    Jurisdiction is proper in this Court under the diversity statute, 28 U.S.C.

4    §1332(a)(2), because it is an action between a citizen of Delaware and California

5    (Paramount), and a citizen or subject of a foreign state (ProCloud), and the amount in

6    controversy exceeds $75,000.00, exclusive of interest and costs.

7    6.    Venue is proper in this District under 28 U.S.C. §1391(b) because

8    Defendant Paramount is a corporation subject to personal jurisdiction here, and a

9    substantial part of the acts or omissions giving rise to the claim occurred here.

10                              **Factual Allegations**

11    7.    In 2010, Paramount approached ProCloud for the purposes of entering a

12    business relationship related to the development of video and social web games based

13    on several Paramount motion pictures.  On or about September 15, 2010, ProCloud

14    Media and Paramount entered the written "Deal Memo for Video Game License

15    Agreement" ("Agreement").  At the time the parties contemplated entering a long

16    form agreement, but agreed that the deal memo would be the binding agreement of the

17    parties in its absence.  A long form agreement was never executed.

18    8.    Under the original Agreement, in exchange for a $500,000.00 "Aggregate

19    License Fee" ProCloud was granted the exclusive right to develop and publish video

20    games for five separate Paramount films (called "Properties" in the document).

21    Paramount was granted the right to exercise a "Co-Financing Option," under which

22    Paramount would share in the costs of further development of the games.

23    9.    On or about September 27, 2011, the parties executed "Amendment A to

24    Deal Memo for Video Game License Agreement."  Unless otherwise noted, the

25    Agreement and Amendment are referred to herein as the Agreement.

26    10.    On information and belief, a significant incentive for Paramount to enter

27    the Amendment was the fact that it needed an infusion of cash – represented by the

28

Complaint
ProCloud Media v. Paramount Pictures Corporation

#79872 v4 saf

1  additional $500,000.00 license fee – to support its video game and digital
2  entertainment operations.

3      11.    The Amendment altered the terms of the original agreement in several
4  ways: First, it added two additional Properties for which ProCloud was granted
5  exclusive rights, and amended the identity of certain other Properties. Second, it
6  called for ProCloud to pay an additional license fee of $500,000.00 for one of the new
7  Properties, bringing the total License Fee paid to Paramount to $1 million. Finally, it
8  amended certain of the royalty terms and the schedule for completion of various tasks
9  with respect to the Projects.

10     12.    Immediately after entering the Amendment, Paramount exercised its
11  option to co-finance and co-produce the games subject to the Agreement. Under the
12  terms of the Agreement, Paramount therefore had the obligation to contribute 50% of
13  the Development Costs or Development Budget (whichever is less) for each of those
14  projects, with total budgets previously agreed to be $8,750,000. Paramount was also
15  to be compensated and required to act as publisher for each of the games. ProCloud
16  was given the express right to recoup its license fee and production costs from sales
17  revenue, in addition to its right to royalty payments.

18     13.    Just days after signing the Sep. 27th Amendment, ProCloud learned that
19  the head of Paramount Digital Entertainment was terminated and was further informed
20  that the division would now report into Worldwide Marketing Partnerships and
21  Licensing, but that no further personnel changes were to be expected.

22     14.    On October 30, 2011, just 4 weeks after Paramount executed the
23  Amendment, ProCloud learned that the entire PDE division had been shut down.

24     15.    Since that time, it has been virtually impossible to communicate with
25  anyone at Paramount with any knowledge of its obligations under the Agreement or
26  with substantive knowledge of the ongoing co-produced game projects, which are
27  (and always have been) of a time sensitive nature. The abrupt structural change
28  within Paramount left it incapable of performing its obligations under the Agreement.

3

#79872 v4 saf

1   Furthermore, Paramount has unequivocally indicated its intent not to perform its
2   obligations under the Agreement, as amended.

3       16.   ProCloud has fully performed its obligations to date under the
4   Agreement, including payment to Paramount of $1,000,000 in license fees and
5   payment of $275,000 in development costs. Paramount, however, now stands in
6   breach of its obligations under the Agreement for failure to contribute to the
7   development of the co-financed projects and failure to take reasonable steps to
8   safeguard the viability of the projects, and for indicating its intent not to perform its
9   obligations going forward.

10      17.   In addition, it appears that, by virtue of its decision to dismantle its
11  digital entertainment division, Paramount no longer has the capacity to perform its
12  remaining obligations as publisher for any game titles – whether co-financed and co-
13  produced or not.

14      18.   Paramount has indicated its intent not to honor any of its ongoing or
15  future obligations under the License Agreement, as amended. However, on
16  information and belief, Paramount has continued to work (either on its own or in
17  conjunction with third parties) to develop the very same game projects that are the
18  subject of the Agreement, but without ProCloud's involvement in an effort to deprive
19  ProCloud of the benefit of its bargain. ProCloud expressly reserves the right to seek
20  to amend this Complaint to add third parties involved in this breach, and to seek an
21  injunction against any ongoing or threatened conduct that deprives ProCloud of its
22  rights under the Agreement.

23      19.   In sum, Paramount approached ProCloud seeking a business partner, took
24  $1,000,000 from ProCloud as a License Fee (and encouraged ProCloud to incur
25  substantial development and production costs) but then unilaterally decided not to
26  perform its obligations under the Agreement. Paramount's breach of the Agreement
27  left ProCloud without a viable business partner, and has caused a loss of the

28

#79872 v4 saf

1  substantial revenues that the Projects would have produced and damage to ProCloud's
2  reputation.

4                              **Count One**
5                        **Breach of Written Contract**
6        20.    ProCloud incorporates by reference the preceding paragraphs of this
7  Complaint as if fully restated here.
8        21.    The License Agreement between ProCloud and Paramount is a valid
9  written contract. By its terms, the Agreement is governed by California law.
10       22.    ProCloud has fulfilled all of its obligations under the Agreement.
11       23.    Paramount has breached the Agreement by, among other things,
12  dismantling its digital entertainment division, refusing to fulfill its co-financing
13  obligations, preventing ProCloud from continuing to develop the Projects, and
14  indicating its intent not to perform its obligations going forward.
15       24.    As a consequence of Paramount's breaches of the Agreement, ProCloud
16  has been damaged in an amount in excess of $75,000.00 and to be proven at trial.

18                              **Count Two**
19            **Breach of Covenant of Good Faith and Fair Dealing**
20       25.    ProCloud incorporates by reference the preceding paragraphs of this
21  Complaint as if fully restated here.
22       26.    The License Agreement between ProCloud and Paramount is a valid
23  written contract. By its terms, the Agreement is governed by California law.
24       27.    California law implies a duty of good faith and fair dealing on Paramount
25  as a party to the Agreement.
26       28.    Paramount has breached the covenant of good faith and fair dealing by,
27  among other things, dismantling its digital entertainment division, refusing to fulfill its
28  co-financing obligations, preventing ProCloud from continuing to develop the

#79872 v4 saf

1 | Projects, and indicating its intent not to perform its obligations going forward.
2 | Paramount's actions have effectively precluded ProCloud from obtaining any of the
3 | benefits to which it is entitled under the Agreement.

4 |       29.    As a direct consequence of Paramount's breaches, ProCloud has been
5 | damaged in an amount in excess of $75,000.00 and to be proven at trial.

7 | **Count Three**
8 | **Unjust Enrichment**

9 |       30.    ProCloud incorporates by reference the preceding paragraphs of this
10 | Complaint as if fully restated here.

11 |       31.    By asking for and accepting license fees from ProCloud, but refusing to
12 | honor its obligations under the Agreement and effectively precluding ProCloud from
13 | realizing any advantages of the licenses paid for, Paramount has received a benefit at
14 | the expense of ProCloud.

15 |       32.    Under the circumstances, it is unjust for Paramount to retain the benefit
16 | received.

17 | / / /
18 | / / /
19 | / / /
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 |

Complaint
ProCloud Media v. Paramount Pictures Corporation

#79872 v4 saf

1

## **Prayer for Relief**

2          ProCloud demands a trial by jury, and asks that judgment be entered in its favor

3   including the following relief:

4   • Damages according to proof;

5   • Restitution in the amount of all amounts unlawfully obtained by Paramount;

6   • Pre-judgment interest;

7   • Injunctive relief in the form of an accounting;

8   • Costs of suit; and

9   • Such other and further relief as this Court deems proper.

10

11  Dated:  June 14, 2012                    BRYAN CAVE LLP

12

13                                          By:   *Adam Brezin*

14                                                Adam Brezine

15                                                Attorneys for Plaintiff

16                                                ProCloud Media Invest AB

17

18

19

20

21

22

23

24

25

26

27

28

Complaint
ProCloud Media v. Paramount Pictures Corporation

#79872 v4 saf

## **Jury Demand**

Plaintiff hereby demands a jury trial for all issues triable to a jury.

Dated:  June 14, 2012                          BRYAN CAVE LLP


By: _____
         Adam Brezine

         Attorneys for Plaintiff
         ProCloud Media Invest AB

Complaint
ProCloud Media v. Paramount Pictures Corporation

#79872 v4 saf

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### CV12- 5192 PSG (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Adam Brezine (CA SBN 220852)
Richard Mooney (CA SBN 176486)
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
adam.brezine@bryancave.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ProCloud Media Invest AB, a Swedish company,<br><br><br>PLAINTIFF(S)<br>v.<br>Paramount Pictures Corporation, a Delaware corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-5192** PSG (mrw)<br><br><br>**SUMMONS** |
| --- | --- |

TO:   DEFENDANT(S):   Paramount Pictures Corporation, c/o CSC - Lawyers Incorporating Service,
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Adam Brezine_____, whose address is _Bryan Cave LLP, 560 Mission Street, #2500, San Francisco, CA 94105_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUN 1 4 2012 _____

By: _____
       Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ProCloud Media Invest AB, a Swedish company

**DEFENDANTS**
Paramount Pictures Corporation, a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Adam Brezine (CA SBN 220852), Richard Mooney (CA SBN 176486)
BRYAN CAVE LLP, 560 Mission Street, 25th Floor
San Francisco, CA  94105; Tel: (415) 268-2000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ Exceeding $10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332 (Diversity action, claims for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV12-5192

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sweden |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Adam Brewo_      Date June 13, 2012

    Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |